# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDRE D. THOMPSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-CV-2310 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

## Background

On April 25, 2017, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Thompson*, No. 4:16-CR-355-RLW-1 (E.D. Mo. Aug. 10, 2016). On April 26, 2018, the Court sentenced movant to a term of 62 months' imprisonment and two years of supervised release. Movant did not appeal.

On August 2, 2019, movant filed a *pro se* document construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 1. On April 20, 2019, the Court found the motion defective because it had not been signed by movant and it had not been drafted on a Court form, as required by local and federal rules. ECF No. 4. The Court ordered movant to file a signed, amended motion with the Court, which movant did on September 5, 2019. ECF No. 5. Movant asserts one ground for relief in his amended motion: that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1), and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on April 26, 2018. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about

May 10, 2019. The original motion filed in this case was not dated or signed by movant; however, it was postmarked July 31, 2019. Therefore, it appears to be time-barred.

Movant states in his amended motion in regards to the timeliness of his motion: "This is an issue related to a new Supreme Court ruling." ECF No. 5 at 12. Movant's amended motion contains no name or citation to the Supreme Court ruling to which he refers; however, his original unsigned filing argues that *Rehaif v. United States*, 139 S.Ct. 2191 (2019), allows for a new challenge to his conviction and sentence. Movant asserts that he is actually innocent of his crimes under *Rehaif*.

The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S.Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

Although movant here was also sentenced under 18 U.S.C. § 922(g) and § 924(a)(2), the holding in *Rehaif* does not apply to the facts of this case. First, there was no trial in this case; movant plead guilty to the one-count indictment. Thus the issue in *Rehaif* – the burden of proof for the government – is not relevant here. In the guilty plea agreement signed by movant, he

3

"admits to knowingly violating 18 U.S.C. § 922(g)." Second, a review of movant's Presentence Report indicates that he was not "illegally or unlawfully in the United States," like defendant in *Rehaif*. Rather, the report lists movant as an U.S. Citizen born in St. Louis, Missouri. In addition, there is no indication that *Rehaif* was made retroactively applicable on collateral review, as required to restart the limitations period under 28 U.S.C. § 2255(f)(3). *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (finding *Rehaif* did not announce a new rule of constitutional law and it was not made retroactive to cases on collateral review by the Supreme Court).

The § 2255 motion here was filed after the limitations period expired. As a result, I will order movant to show cause why his § 2255 motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 11th day of September, 2019.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE