# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANDRE D. THOMPSON, | ) |
| Movant, | ) |
| v. | ) No. 4:19-CV-2310 RLW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause and movant's motion for reconsideration. ECF Nos. 7 & 8. Having carefully reviewed these filings, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255. Movant's motion for reconsideration, construed as additional arguments against untimeliness, will be denied, and this case will be dismissed without prejudice.

## Background

On April 25, 2017, movant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Thompson*, No. 4:16-CR-355-RLW-1 (E.D. Mo. Aug. 10, 2016). On April 26, 2018, the Court sentenced movant to a term of 62 months' imprisonment and two years of supervised release. Movant did not appeal.

On August 2, 2019, movant filed a *pro se* document construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 1. On April 20, 2019, the Court found the motion defective because it had not been signed by movant and it had not been drafted

1

on a Court form, as required by local and federal rules. ECF No. 4. The Court ordered movant to file a signed, amended motion with the Court, which movant did on September 5, 2019. ECF No. 5. Movant asserts one ground for relief in his amended motion: that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional.

## Show Cause Order

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because movant in this case did not file an appeal, his criminal judgment became final fourteen days after the judgment was entered on April 26, 2018. *See Moshier v. U.S.*, 402 F.3d 116, 118 (2d Cir. 2005); Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about May 10, 2019. The original motion filed in this case was not dated or signed by movant; however, it was postmarked July 31, 2019. The motion appears time-barred. As a result, on September 11, 2019, the Court ordered movant to show cause as to why this case should not be dismissed as untimely. ECF No. 6.

## Show Cause Response

On October 17, 2019, movant filed a response to the Show Cause Order stating that "there is an extraordinary circumstance and this court should apply [the] equitable tolling doctrine." ECF No. 7 at 1. According to movant, his attorney from his criminal felon-in-possession case "wrongfully advised" him that the terms of his plea agreement prevented him from filing a § 2255 motion. In actuality, movant states that the plea agreement waives his rights to post-conviction proceedings **except** as to § 2255 motions for claims of prosecutorial misconduct or ineffective assistance of counsel. *Id.* at 2. Movant states that he informed his attorney when they were discussing the plea agreement that he did not understand the terms of the agreement as it relates to the waiver of appeal and post-conviction rights. Movant argues that he reasonably relied on his attorney's statement that he was completely waiving his post-conviction rights, and that is why he did not file his § 2255 motion on time. Movant argues that his reasonably reliance on his attorney's misrepresentation entitles him to equitable tolling.

Movant's response to the show cause order also mentions the Supreme Court's decision *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and asserts that a jailhouse attorney told him to file a § 2255 motion based on this new Court decision. Movant mentioned *Rehaif* in his original unsigned § 2255 motion, arguing that *Rehaif* allows for a new challenge to his conviction and sentence. ECF No. 1.

Finally, movant argues in his response that "a habeas petition may be amended if the new claims relate back to the 'common core of operative facts' of the previous claims pursuant to Rule (c) of the Federal Rules of Civil Procedure." ECF No. 7 at 4. Movant references Federal Rule of Civil Procedure 15(c), which allows for the amendment of pleadings when the amendments

3

relate back to the original pleading. However, the only original pleading in this case is the § 2255 motion filed on August 2, 2019. There is no timely filed § 2255 motion from which movant could argue that he is seeking to amend.

## Discussion

On April 26, 2018, the Court sentenced movant to a term of 62 months' imprisonment and two years of supervised release. Movant did not appeal and therefore his criminal judgment became final fourteen days after the judgment was entered. As a result, the one-year period of limitations under § 2255(f) expired on about May 10, 2019. The original motion filed in this case was not dated or signed by movant; however, it was postmarked July 31, 2019. This § 2255 motion is time-barred.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* The Court has provided notice to the movant and carefully considered his arguments in response. The Court finds that movant's arguments lack legal merit. This case will be dismissed as time-barred.

### I. Equitable Tolling

The equitable tolling doctrine does not apply here. Movant argues that he reasonably relied on his attorney's misrepresentation about his plea agreement not allowing any § 2255 motions, resulting in the late filing of his motion. According to movant, this reasonable reliance

4

entitles him to equitable tolling based on *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005). In that case, the Court of Appeals held that the petitioner was entitled to equitable tolling where his attorney had misrepresented the law, misrepresented the status of his case, retained possession of crucial documents, and where petitioner had demonstrated due diligence in pursuing his § 2255 claim. *Id.* at 1094-96. Such is not the case here.

Under the doctrine of equitable tolling, the statutory limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650. The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005).

However, the Eighth Circuit has noted that "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance." *Id.* It is available only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Id.* (quoting *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003)). *See also Walker v. Norris*, 436 F.3d 1026, 1032-33 (8th Cir. 2006) (finding no equitable tolling where attorney lacked knowledge of verification requirement on state petition); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion

5

to suppress, knew petitioner could not assist in her defense, and stated that "no other court would hear her case"); *Beery v. Ault*, 312 F.3d 948, 951-52 (8th Cir. 2002) (finding no equitable tolling where attorney's false representations about petition did not prevent timely filing); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding no equitable tolling where counsel confused about applicable statute of limitations). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463.

Movant's assertions about ineffective assistance of counsel are clearly insufficient to allow equitable tolling. In this case, movant alleges that his attorney misrepresented the terms of his plea agreement such that he thought he had waived his post-conviction right to filing any § 2255 motion. Movant does not explain how or when he came to realize this misrepresentation. However, nothing alleged by movant indicates that there were extraordinary circumstances beyond his control that prevented him from filing his motion on time. His alleged attorney misrepresentation is not so outrageous or incompetent as to render it extraordinary. In addition, movant demonstrated no diligence in pursuing his post-conviction rights. Equitable tolling is not justified here.

## II. Recent Supreme Court Ruling and Movant's Motion for Reconsideration (ECF No. 8)

Movant also argues that the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), applies to the facts of this case to restart the limitations period under 28 U.S.C. § 2255(f)(3). The Supreme Court held in *Rehaif* that under § 922(g)(5)(A), a person "illegally or unlawfully in the United States," must know of both this status and his or her possession of a firearm to "knowingly violate []" the ban in 18 U.S.C. § 922(g) on certain

6

categories of persons possessing firearms. Justice Breyer's opinion for the majority of the Supreme Court reversed the Eleventh Circuit's holding that the "knowingly" element applied only to the possession of the firearm. 139 S. Ct. at 2194. Thus, the Supreme Court held, the word "knowingly" applies to the "possession element" in the statute, as well as the "status element." The Supreme Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

In the Court's show cause order, the Court discussed how – even though movant here was also sentenced under 18 U.S.C. § 922(g) and § 924(a)(2) – the holding in *Rehaif* is not applicable to the facts of this case. In addition, the Court noted that there is no indication that *Rehaif* was made retroactively applicable on collateral review, as required to restart the limitations period. *See* ECF No. 6; *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (finding *Rehaif* did not announce a new rule of constitutional law and it was not made retroactive to cases on collateral review by the Supreme Court).

Movant filed a "Motion for Reconsideration, Rule 59(E)" on October 21, 2019, in which he asks the Court to reconsider whether the holding in *Rehaif* applies to the facts of this case and whether *Rehaif* applies retroactively. ECF No. 8. Since these statements by the Court were made in a show cause order and not in a final judgment, Federal Rule of Civil Procedure 59(e) is not appropriate. The Court construes this motion as additional arguments in support of movant's response to the order to show cause.

Because movant plead guilty to the one-count indictment and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant. Movant argues

7

that his attorney failed to insist that the government meet the *Rehaif* burden, but since movant's case never made it to trial, the burden was never an issue. Regardless, in the guilty plea agreement signed by movant, he "admits to knowingly violating 18 U.S.C. § 922(g)." ECF No. 58 at 2. In addition, a review of movant's Presentence Report indicates that he was not "illegally or unlawfully in the United States," like the defendant in *Rehaif*. Movant admits that he is an U.S. Citizen born in St. Louis, Missouri. *See* ECF No. 8 at 3. The Supreme Court's recent ruling in *Rehaif* does not apply to the facts of this case to restart the limitations period.

### III. Amended Claim Relates Back

Finally, movant cites Federal Rule 15(c) and argues that his amended claim relates back because it is based on the same claim of ineffective assistance of counsel. *See* ECF No. 7 at 4. As stated above, movant's initial, unsigned motion in this case was not filed in a timely manner. So even if any amendments to that motion relate back, it would not matter since the initial filing was untimely.

As movant has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition as time-barred. Movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED and DISMISSED AS TIME-BARRED**. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that movant's motion for reconsideration [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of November, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE